No. 22-80136

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

BLUE CROSS BLUE SHIELD OF ILLINOIS,

*Petitioner,*

v.

C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard;
and PATRICIA PRITCHARD,

*Respondents.*

Appeal from the United States District Court
for the Western District of Washington
The Honorable Robert J. Bryan, District Judge

REPLY BRIEF IN SUPPORT OF BLUE CROSS BLUE SHIELD OF
ILLINOIS'S PETITION FOR PERMISSION TO APPEAL PURSUANT
TO FED. R. CIV. P. 23(f)

Adam H. Charnes
Kilpatrick Townsend &
  Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
(214) 922-7106
acharnes@kilpatricktownsend.com

Stephanie Bedard
Kilpatrick Townsend &
  Stockton LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309
(404) 815-6039
sbedard@kilpatricktownsend.com

Gwendolyn C. Payton
John R. Neeleman
Kilpatrick Townsend &
  Stockton LLP
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
(206) 626-7714
gpayton@kilpatricktownsend.com
jneeleman@kilpatricktownsend.com

*Attorneys for Petitioner*
*Blue Cross Blue Shield of Illinois*

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

I. INTRODUCTION ................................................................................ 1

II. ARGUMENT ........................................................................................ 1

    A. Respondents cannot satisfy Rule 23(b) because the injunctive relief they seek will not provide final relief. ...................................... 1

    B. Respondents cannot satisfy Rule 23(b)(1) or (2) because their injunction would require individualized determinations of medical necessity and payments due under each ERISA plan .......... 5

    C. Respondents' class fails under Rule 23(b) because they ultimately seek monetary relief. ....................................................... 7

    D. Any injunction would not bind the employers, who are obligated to pay any re-adjudicated claims. ...................................... 9

CONCLUSION ............................................................................................... 10

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

CERTIFICATE OF SERVICE

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Amchem Prod., Inc. v. Windsor*,
 521 U.S. 591 (1997) ................................................................................... 5

*Day v. Humana Ins. Co.*,
 335 F.R.D. 181 (N.D. Ill. 2020) ................................................................. 6

*Doe v. Snyder*,
 28 F.4th 103 (9th Cir. 2022) ....................................................................... 7

*Jamie S. v. Milwaukee Pub. Sch.*,
 668 F.3d 481 (7th Cir. 2012) ............................................................. 2, 3, 6

*Kartman v. State Farm Mut. Auto. Ins. Co.*,
 634 F.3d 883 (7th Cir. 2011) ............................................................. 2, 5, 8

*Lozano v. AT&T Wireless Services, Inc.*,
 504 F.3d 718 (9th Cir. 2007) ...................................................................... 9

*Peterson v. Highland Music, Inc.*,
 140 F.3d 1313 (9th Cir. 1998) .................................................................. 10

*Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability
 Income Plan*,
 85 F.3d 455 (9th Cir. 1996) ............................................................. 4, 5, 10

*Sepulveda v. Wal–Mart Stores, Inc.*,
 464 F. App'x 636 (9th Cir. 2011) ............................................................... 8

*Takeda v. Nw. Nat. Life Ins. Co.*,
 765 F.2d 815 (9th Cir. 1985) ...................................................................... 9

*Wit v. United Behav. Health*,
 No. 20-17363, 2022 WL 850647 (9th Cir. Mar. 22, 2022) .................... 3, 4

*Zinser v. Accufix Rsch. Inst., Inc.*,
 253 F.3d 1180 (9th Cir.), *opinion amended on denial of reh'g*,
 273 F.3d 1266 (9th Cir. 2001) ...............................................................................8

**Rules**

Fed. R. Civ. P.
 23(b)(1) ............................................................................................... 5, 7, 8, 9
 23(b)(2) ................................................................................................. *passim*

I.  INTRODUCTION

Respondents attempt to avoid the fatal flaws in their class by claiming that all they seek is injunctive relief requiring BCBSIL to reprocess and adjudicate all claims previously denied because of an exclusion. But courts have repeatedly held that Rule 23(b) prohibits a plaintiff from seeking an injunction that requires reprocessing of claims. First, an injunction requiring a defendant to reprocess claims does not provide the final relief required by Rule 23(b)(2). Second, reprocessing claims require too much individualized inquiry to satisfy Rule 23. Third, class claims seeking this type of relief violate Rule 23(b) because Respondents are actually seeking monetary relief, not an injunction. Here, these problems are amplified because the entities responsible for paying claims, the employers who control the ERISA self-funded plans, are not parties to the case or bound by any injunction. This Court should grant interlocutory review and vacate the certification order.

II.  ARGUMENT

A. **Respondents cannot satisfy Rule 23(b) because the injunctive relief they seek will not provide final relief.**

Rule 23(b)(2) requires that any injunction provide final relief. Fed. R. Civ. P. 23(b)(2). The reprocessing injunction Respondents seek does not provide "final injunctive relief." *Id.* Courts are clear that an injunction that merely "initiate[s] a process through which highly individualized determinations of liability and remedy

- 1 -

are made" does not provide "final relief" and therefore does not satisfy Rule 23(b)(2). *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 499 (7th Cir. 2012).

In *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011), the court explained that an injunction requiring the reprocessing of insurance claims for hail damage would not provide "final relief" under Rule 23(b)(2). The injunction required State Farm to reinspect all class members' roofs pursuant to a new standard, and the court found that class certification was improper because the relief the only provided an "evidentiary foundation for subsequent determinations of liability." *Id.* at 893. The court emphasized that the injunction would result in a multitude of individual proceedings to determine breach, causation, and damages. *Id.* As the court explained, "certification of a class under Rule 23(b)(2) is permissible only when class plaintiffs seek 'final injunctive relief' that is 'appropriate respecting the class as a whole.'" *Id* at 886*;* Fed. R. Civ. P. 23(b)(2). In other words, "[t]he injunction envisioned by the plaintiffs would in no sense be a final remedy. A class-wide roof reinspection would only lay an evidentiary foundation for subsequent individual determinations of liability and damages." 634 F.3d at 886.

In *Jamie S.,* students with disabilities sought certification of a class under Rule 23(b)(2) of children with disabilities eligible for special education services under the Individuals with Disabilities Education Act. 668 F.3d at 485, 487. As

the court explained, "[t]hat the plaintiffs have superficially structured their case around a claim for class-wide injunctive and declaratory relief does not satisfy Rule 23(b)(2) if as a substantive matter the relief sought would *merely initiate a process through which highly individualized determinations of liability and remedy are made*; this kind of relief would be class-wide in name only, and it would certainly not be final." *Id.* at 499 (emphasis added). "[T]here can be no single injunction that provides final relief to the class as a whole." *Id.*

Respondents' class certification motion suffers from the same fatal problem. Respondents want an injunction directing BCBSIL to reprocess and re-adjudicate all claims for transgender-related services previously denied under an exclusion—a process that involves "highly individualized determinations." *Id.* No class member would receive final relief from *the court*, as required by Rule 23(b). This is impermissible.

The cases that Respondents cite do not establish that the "reprocessing" remedy they seek satisfies Rule 23(b). Respondents rely on *Wit v. United Behav. Health*, No. 20-17363, 2022 WL 850647 (9th Cir. Mar. 22, 2022), but that case directly cautions *against* this type of class certification. In *Wit*, the district court ordered a health insurer, United, to reprocess and pay claims using a different medical policy than United had initially used. *Id.* at *2. This Court reversed on the merits and noted that "plaintiffs avoided the individualized nature of the

benefits remedy . . . by seeking 'reprocessing.'" *Id.* However, Respondents misrepresent *Wit* when they claim that this Court upheld class certification. Opp. at 14. To the contrary: this Court instead stated that it "need not reach whether the district court's 'reprocessing' remedy overextended Rule 23 . . . because this claim fails on its merits." *Wit*, 2022 WL 850647, at *2. Respondents also fail to note that the concurrence in *Wit* explicitly found that the district court erred in certifying the "reprocessing" claim:

> [R]eprocessing is not the *remedy* that plaintiffs seek, it is the *means to the remedy* that they seek. And styling their sought-after relief as procedural for class-certification purposes does not resolve the individualized questions necessarily involved in deciding their claims.

*Id.* at *3 (Forrest, J., concurring) (emphasis in original).

Respondents also argue that *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455 (9th Cir. 1996), provides a model for the class-wide "reprocessing" injunction that they seek. But *Saffle* was not a class action and therefore the Court did not address Rule 23(b). In *Saffle*, this Court held that when a district court determines that an ERISA plan administrator has "construe[d] a plan provision erroneously" and "applied an incorrect standard to its benefits determination," the court "should not itself decide whether benefits should be awarded." *Id.* at 456. Instead, the court should "remand to the administrator for it to make that decision under the plan, properly construed." *Id.*

at 456. *Saffle* was an individual action and said nothing about re-adjudication of class claims.

In sum, Respondents' processing remedy cannot satisfy Rule 23(b)(2) because it does not provide final injunctive relief.[1]

**B.  Respondents cannot satisfy Rule 23(b)(1) or (2) because their injunction would require individualized determinations of medical necessity and payments due under each ERISA plan.**

The reprocessing injunction Respondents seek cannot satisfy Rule 23(b)(1) or (b)(2) for another reason: it "would only lay an evidentiary foundation for subsequent individual determinations" of medical necessity and damages. *Kartman*, 634 F.3d at 886. Respondents' complaint and the district court's certification order anticipate that final relief would occur when BCBSIL reprocesses each individual class member's claim. But for class members to receive payments under their plans, there must first be highly individualized

---

[1] Respondents' opposition does not address 23(b)(1), just mentioning it a couple of times in passing together with 23(b)(2). Their Rule 23(b)(1) claim fails for the same reason as their Rule 23(b)(2) claim. Moreover, "Rule 23(b)(1)(A) 'takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners).' . . . Rule 23(b)(1)(B) includes, for example, 'limited fund' cases, instances in which numerous persons make claims against a fund insufficient to satisfy all claims." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (citations omitted). Respondents have not even tried to make these showings, focusing instead on Rule 23(b)(2) cases. Further, BCBSIL is only facing this one suit, so there is no evidence of multiple lawsuits seeking the same relief as these Respondents.

inquiries to determine medical necessity and amounts due. These individual inquiries preclude class certification. *See Day v. Humana Ins. Co.*, 335 F.R.D. 181, 199–200 (N.D. Ill. 2020) (denying certification of a class alleging Humana denied coverage for proton beam therapy treatment for cancer using its medical policy because "[u]nder both the Plan and the Policy, . . . Humana has broad discretion to determine whether a putative class member is entitled to [proton] treatment for his or her specific form of cancer, based on his or her individual circumstances").

In *Jamie S.*, the court found the fact "[t]hat all the class members [had] 'suffered' as a result of disparate individual IDEA child-find violations [was] not enough; it [did] not establish that the individual claims [had] any question of law or fact in common." 668 F.3d at 497. The court explained that the plaintiffs' theory as to a common question was "something like this: Did [Milwaukee Public Schools] fulfill its IDEA obligations to each child?" *Id.* at 498. However, the court held that, "while that generic question is surely a part of [each class member's] claims, it must be answered separately for each child based on individualized questions of fact and law, and the answers are unique to each child's particular situation." *Id.*

The same is true here. This Court has recognized the individualized inquiry required for each member claiming a benefit for transgender-related services. In

*Doe v. Snyder*, 28 F.4th 103 (9th Cir. 2022), this Court affirmed the district court's finding that the plaintiffs "had not shown that male chest reconstruction surgeries were medically necessary for them or safe and effective for correcting or ameliorating their gender dysphoria." *Id.* at 106. The Court emphasized the individualized inquiry required as to each plaintiff, holding that based on individual "facts specific to Doe and the irreversible nature of the surgery," the plaintiffs had failed to show that they were likely to succeed on the merits of their permanent injunction. *Id.* at 106, 111.

An injunction requiring BCBSIL to re-adjudicate claims for transgender-related services would only initiate a process involving a re-evaluation of each absent class member's individual claims. Each absent class member would then have to prove that the requested treatment was medically necessary, that he or she was otherwise entitled to coverage under the relevant plan, and that as a result he or she is entitled to benefits. This fails under Rule 23(b).

C. **Respondents' class fails under Rule 23(b) because they ultimately seek monetary relief.**

Respondents' class claims fail because they seek monetary relief impermissible under Rule 23(b)(1) or (b)(2). Despite characterizing their claims as primarily seeking injunctive and declaratory relief, the absent class members ultimately seek money to pay for transgender-related services. *See* Dkt. 38 ("Am. Compl.") at 22 (seeking an order requiring BCBSIL to pay claims).

Class certification under Rule 23(b)(1) or (b)(2) is appropriate only where plaintiffs seek declaratory or injunctive relief, not monetary relief. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001). This Court in *Zinser* made clear that "certification under Rule 23(b)(1)(A) is therefore not appropriate in an action for damages." 253 F.3d at 1193.

Plaintiffs likewise cannot disguise their class claims for monetary relief as incidental to injunctive or declaratory relief claims brought under Rule 23(b)(2). This Court has emphasized that to bring a class under Rule 23(b)(2), any monetary relief sought cannot require an individualized inquiry, as the claims here do. *See Sepulveda v. Wal–Mart Stores, Inc.*, 464 F. App'x 636, 637 (9th Cir. 2011) (monetary relief is not incidental where "the damages plaintiffs sought would 'require highly individualized proof'").

In *Kartman*, the court explained that an injunction seeking re-adjudication of claims for hail damage was actually an action for damages, not injunctive relief. *See id.* at 888-89. ("The relief is not appropriate [for Rule 23(b) certification] for several reasons, not least of which is that the normal remedy for wrongful denial of insurance benefits is damages, not equitable relief.").

Here, likewise, because the objective of the claims is monetary relief—reimbursement of claims—Rule 23(b) certification is not appropriate. *See Zinser*,

253 F.3d at 1195 (affirming district court's denial of certification under 23(b) because the injunction would require medical monitoring of class members with pacemakers who primarily sought money damages); *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 729 (9th Cir. 2007) (affirming district court's denial of certification under 23(b)(2) because the intent of the complaint was recovery of money).

Here, the reprocessing remedy is only the means to the damages that plaintiffs actually seek. Respondents' claims seek monetary relief and do not satisfy Rule 23(b)(1) or (b)(2).

**D.  Any injunction would not bind the employers, who are obligated to pay any re-adjudicated claims.**

Finally, Respondents fail to address a fundamental problem with the district court's class certification order. The district court cannot grant the relief Respondents seek because they sued BCBSIL, the plans' third-party administrator, and not the employers who sponsor the self-funded plans and who are contractually responsible to pay the class members' claims. For this reason alone, Respondents' class does not satisfy Rule 23(b)(2)'s requirement that the injunctive relief sought be "final injunctive relief." Even if BCBSIL reprocessed the claims, the injunctive relief would not require any non-party plan to pay a claim. The employers, not BCBSIL, contracted with members to pay benefits to the members. *See Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 819-20 (9th Cir. 1985) (the

employer who sponsored the plan was a necessary party because, as here, the plan was self-funded and would bear the expense of any benefit awarded).

The non-party employers would not be bound by any reprocessing injunction issued by the district court, could freely ignore any injunction issued by the district court, and would not be required to pay any claim. An injunction only binds a nonparty that has actual notice and either (1) is the alter ego of, or has identity of interest with, a party, or (2) aids and abets a party's violation of the injunction order. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323–24 (9th Cir. 1998). None of these circumstances apply here. As a result, the non-party employers could simply refuse to pay any benefit.

*Saffle* is distinguishable on this basis as well. In *Saffle*, the employer who was responsible to pay claims was a party, and the court ordered the employer to reprocess the plaintiff's individual claims. 85 F.3d at 456.

The requested injunctive relief could not possibly provide "final injunctive relief" required to certify a class under Rule 23(b)(2) because the employers who are obligated pursuant to contracts with class members to pay claims are not parties.

## CONCLUSION

This Court should grant interlocutory review and vacate the certification order.

Respectfully submitted this 12th day of December, 2022.

| | |
|---|---|
| Adam H. Charnes<br>Kilpatrick Townsend &<br>  Stockton LLP<br>2001 Ross Avenue, Suite 4400<br>Dallas, TX 75201<br>(214) 922-7106<br>acharnes@kilpatricktownsend.com<br><br>Stephanie Bedard<br>Kilpatrick Townsend &<br>  Stockton LLP<br>1100 Peachtree Street NE<br>Suite 2800<br>Atlanta, GA 30309<br>(404) 815-6039<br>sbedard@kilpatricktownsend.com | /s/ *Gwendolyn C. Payton*<br>Gwendolyn C. Payton<br>John R. Neeleman<br>Kilpatrick Townsend &<br>  Stockton LLP<br>1420 Fifth Ave., Suite 3700<br>Seattle, WA 98101<br>(206) 626-7714<br>gpayton@kilpatricktownsend.com<br>jneeleman@kilpatricktownsend.com |

*Attorney for Petitioner*
*Blue Cross Blue Shield of Illinois*

**CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMITATION, TYPEFACE
REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This reply brief complies with the word limitation of Fed. R. App. P. 5(c)(1) because this reply brief contains 2,368 words, excluding the parts of the reply brief exempted by Fed. R. App. P. 32(f).

2. This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this reply brief has been prepared in a proportionally space typeface using Word 365 in Times New Roman 14-point font.

This the 12th day of December, 2022.

/s/ *Gwendolyn C. Payton*
Gwendolyn C. Payton
KILPATRICK TOWNSEND &
 STOCKTON LLP
gpayton@kilpatricktownsend.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714

*Attorney for Petitioner
Blue Cross Blue Shield of Illinois*

# CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF BLUE CROSS BLUE SHIELD OF ILLINOIS'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO FED. R. CIV. P. 23(f) with the Clerk of Court using the CM/ECF System. Counsel for all parties are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF system.

/s/ *Gwendolyn C. Payton*
Gwendolyn C. Payton
KILPATRICK TOWNSEND &
  STOCKTON LLP
gpayton@kilpatricktownsend.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714

*Attorney for Petitioner*
*Blue Cross Blue Shield of Illinois*